IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Beverley D. Wilson, also known as Beverley Deloris Duncan-Wilson, also known as Beverley Deloris Duncan-Stewart, also known as Beverley Deloris Stewart, doing business as Wilson Pediatrics Incorporated,<br><br>    Appellant,<br><br>vs.<br><br>John T. Moss and Moss and Associates P.A.,<br><br>    Appellees. | C/A No.: 5:15-2230-MBS-SVH<br><br><br><br><br><br>REPORT AND RECOMMENDATION |

  Beverley D. Wilson ("Appellant"), appearing pro se, filed this appeal from an order issued by the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"). [ECF No. 1]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the appeal and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the appeal.

I.  Factual and Procedural Background

  Appellant originally filed this legal malpractice action in state court on November 26, 2013, against her former bankruptcy attorneys John T. Moss and Moss and Associates P.A. ("Appellees"). *See Wilson v. Moss*, C/A No.: 3:13-3567-MBS ("*Wilson I*"), ECF No.

1.[1] Appellees removed the complaint to the district court on December 20, 2013, and on May 20, 2014, the district court referred Appellant's malpractice action to the Bankruptcy Court. *Wilson I*, ECF Nos. 1, 15. On April 29, 2015, the Bankruptcy Court dismissed Appellant's complaint with prejudice for failure to prosecute. [ECF No. 1-2 at 19–27]. Appellant filed a notice of appeal with the Bankruptcy Court on June 1, 2015, that was docketed in this court on June 3, 2015. [ECF Nos. 1, 1-1]. Appellant appeals the following orders: (1) order denying oral motion for jury trial entered on April 27, 2015; (2) order denying motion to continue trial entered on April 27, 2015; (3) order denying oral motion for recusal entered on April 27, 2015; and (4) order dismissing the case with prejudice for failure to prosecute entered on April 29, 2015. [ECF No. 1 at 1].

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se notice of appeal. This court is required to liberally construe pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such pro se pleadings are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d

---

[1] The court takes judicial notice of its own records. *Anderson v. F.D.I.C.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) ("[T]he Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records . . . ."); *Huber v. Marine Midland Bank*, 51 F.3d 5, 9 (2d Cir. 1995) (noting that in prior appeal, the appellate court "instructed the [district] court to take judicial notice of the records in [the plaintiff's] bankruptcy case"); *see also Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. *See Ross v. Baron*, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir.

3

Aug. 22, 2012); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

B.     Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id*. When evaluating a bankruptcy appeal, the court should determine, as a threshold matter, whether the notice of appeal has been timely filed. *Reig v. Wells Fargo Bank, N.A.*, No. PWG-12-3518, 2013 WL 3280035 at *1 (D. Md. Jun. 26, 2013) (citing *AgSouth Farm Credit, ACA v. Bishop (In re Craig Lewis Bishop)*, 333 B.R. 746, 748 n.3 (D.S.C. 2005)). If a prospective appellant fails to timely file her notice of appeal, "the District Court is stripped of its jurisdiction to hear the appeal." *Chien v. Commonw. Biotechnologies, Inc.*, 484 B.R. 659, 663 (E.D. Va. 2012) (citing *Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1109–11 (4th Cir. 1986)).

Final orders of the bankruptcy court are appealable to the district court pursuant to 28 U.S.C. § 158(a)(1). Under Fed. R. Bankr. P. Rule 8002(a), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." If the notice of appeal is not timely filed, the federal district

4

court is deprived of jurisdiction to hear the appeal. *Smith v. Dairyman, Inc.*, 790 F.2d at 1109; *Olslund v. Bellinger*, 2012 WL 246440 at *1 (D. Md. Jan. 25, 2012) ("Rule 8002(a) of Federal Rules of Bankruptcy Procedure states that [a notice of appeal] must be filed within 14 days of the entry of the order being appealed. This is a jurisdictional requirement. Failure to comply with this requirement results in the dismissal of an appeal.") (citing *Ballard v. Tamojira, Inc.*, 106 F.3d 389 (4th Cir. 1997)).

Appellant is attempting to appeal orders that the Bankruptcy Court entered on April 27 and 29, 2015. Appellant filed her notice of appeal with the Bankruptcy Court on June 1, 2015, and paid her filing fee on June 2, 2015. *See Wilson v. Moss*, Adversary Proceeding No. 14-80054-hb, ECF Nos. 121; 123. Because Appellant filed her notice of appeal approximately 33 days after the Bankruptcy Court's entry of judgment, her notice of appeal is untimely. Accordingly, this court lacks jurisdiction over the appeal.[2]

III.   Conclusion

For the foregoing reasons, the undersigned recommends that the court deny Appellant leave to appeal the Bankruptcy Court orders and that this action be dismissed.

---

[2] Appellant filed a motion on May 26, 2015, to extend the time for filing her notice of appeal. See *Wilson v. Moss,* Adversary Proceeding No. 14-80054-hb, ECF No. 120; *see also* Fed. R. Bankr. P. 8002(d)(1) (noting that the time for filing a notice of appeal may be extended if a party files a motion with the Bankruptcy Court within the time prescribed by 8002(a)(1), or 21 days after the time, if the party shows excusable neglect). The Bankruptcy court denied Appellant's motion on June 3, 2015, and Appellant did not appeal the denial. *Wilson v. Moss,* Adversary Proceeding No. 14-80054-hb, ECF No 128.

5

IT IS SO RECOMMENDED.

June 15, 2015  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).